J-A03033-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MATHEW LEE GEORGETTI | : | |
| | : | |
| Appellant | : | No. 361 WDA 2023 |

Appeal from the PCRA Order Entered February 28, 2023
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0015301-2013

BEFORE: BOWES, J., KUNSELMAN, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.:      **FILED: February 12, 2024**

Mathew Lee Georgetti (Appellant) appeals from the order dismissing his Writ of Mandamus to Correct Petitioner's Criminal Record (writ of mandamus), which we review as a petition filed pursuant to the Post Conviction Relief Act[1] (PCRA). 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The PCRA court summarized the relevant procedural history:

> [Appellant] was charged on November 5, 2013, with one [] count of Driving Under the Influence of Alcohol: High Rate of Alcohol—Third Offense (75 Pa.C.S.A. § 3802(b)); one count of Driving Under the Influence of Alcohol: General Impairment (75 Pa.C.S.A. § 3802(a)(1)); and one count of Maximum Speed Limits (75 Pa.C.S.A. § 3362).

---

[1] The PCRA court properly treated Appellant's writ of mandamus as a PCRA petition. ***See Commonwealth v. Jackson***, 30 A.3d 516, 521 (Pa. Super. 2011) ("any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition." (citation and ellipses omitted)); ***see also*** 42 Pa.C.S.A. § 9542 (stating that the PCRA "shall be the sole means of obtaining collateral relief").

On March 5, 2014, [Appellant] appeared before this court with counsel and entered into a negotiated guilty plea. In exchange for his guilty plea to one count of Driving Under the Influence of Alcohol: High Rate of Alcohol—Third Offense, graded as a misdemeanor of the first degree, the remaining two counts were withdrawn. [Appellant] was sentenced to serve ninety (90) days on electronic home monitoring with a concurrent term of eighteen months' probation.

[Appellant] did not file a direct appeal ….

On November 1, 2022, [Appellant] filed a petition for writ of mandamus requesting that this court correct [Appellant's] criminal record. In his petition, [Appellant] assert[ed] that the grading of the offense to which he pled guilty on March 5, 2014, was incorrect.

1925(a) Opinion, 4/19/23, 3-4 (unpaginated; formatting modified).

Appellant acknowledged that at the time of his conviction, he had one "prior offense" as defined by the Vehicle Code.[2] **See** Writ of Mandamus, 11/1/22, ¶ 7; **see also** Appellant's Brief at 32. However, he alleges the trial court erred when it considered his conviction under California Vehicle Code § 23152(b) (California offense) a second offense. Writ of Mandamus, 11/1/22, ¶ 6, 8. The trial court's construction of Appellant's California offense had the

---

[2] The relevant portion of the statute, in effect on March 5, 2014, defined a "prior offense" as "any conviction … within the ten years before the present violation … for any of the following: (1) an offense under section 3802; … (3) an offense substantially similar to [section 3802] in another jurisdiction[.]" 75 Pa.C.S.A. § 3806(b)(1), (3) (amended 12/25/14) (paragraph breaks omitted).

effect of elevating the grading of his instant DUI to a misdemeanor of the first degree.[3]

On November 22, 2022, the PCRA court ordered the Commonwealth to answer Appellant's writ.[4] In its answer, the Commonwealth argued that Appellant's writ must be treated as an untimely PCRA petition. Commonwealth's Answer to Petitioner's Writ of Mandamus, 12/5/22, at 2. Appellant filed a reply wherein he maintained he is only seeking correction of a "patent and obvious mistake" in the record, and "[t]here are no time constraints on a correction of the record for a patent mistake." Reply to Commonwealth's Answer to Writ of Mandamus, 12/28/22, at 5 (unpaginated). He further claimed he only became aware of the purported error when he attempted to purchase a firearm, and was denied due to his first-degree misdemeanor conviction. *See id.* at 1-2 (unpaginated).

The PCRA court treated Appellant's writ of mandamus as a PCRA petition, because Appellant sought recalculation of his offense grading rather

---

[3] The relevant portion of the statute, in effect on March 5, 2014, provides "[a]n individual who violates … section 3802(b) … and who has more than one prior offense commits a misdemeanor of the first degree." 75 Pa.C.S.A. § 3803(b)(3) (amended 10/26/14).

[4] Our Supreme Court has observed: "To be entitled to a writ of mandamus, a petitioner must demonstrate a clear right to the relief sought, a corresponding non-discretionary duty of the public official, and the lack of an adequate and appropriate remedy at law." *Green Party of Pa. v. Dep't of State Bureau of Comm'ns*, 168 A.3d 123, 130 (Pa. 2017).

than correction of a scrivener's error.  Findings of Fact and Conclusions of Law, 2/28/23, at 2, 4.  The PCRA court concluded Appellant's petition was untimely, as it was filed over one year after expiration of the PCRA's jurisdictional timeliness requirement, and Appellant did not invoke an exception under 42 Pa.C.S.A. § 9545(b)(2).  *Id.* at 3-4.  Accordingly, the PCRA court dismissed Appellant's PCRA petition on February 28, 2023.  Appellant filed a timely notice of appeal.  The PCRA court did not order Appellant to file a concise statement of errors complained of on appeal, but filed an opinion incorporating its findings of fact and conclusions of law.

Appellant presents the following issue:

Whether the [PCRA] court abused its discretion and/or erred as a matter of law when it denied Appellant's request to correct an obvious and patent mistake, regarding the incorrectly graded DUI conviction[,] from a misdemeanor of the first degree to an ungraded misdemeanor, when such an error can be corrected at any time?

Appellant's Brief at 4.

Appellant's claim that the trial court improperly graded his DUI conviction challenges the legality of his sentence.[5]  ***Commonwealth v.***

---

[5] We have considered and rejected Appellant's claim that the record discloses an "obvious and patent" error on the part of the PCRA court.  Indeed, the record confirms that Appellant was, in fact, aware of the nature of his plea. ***See*** N.T., 3/5/14, at 2-3 ("[PCRA Court]: I see you're pleading guilty to one count of [DUI], [m]isdemeanor 1. … Why are you pleading guilty? [Appellant]: Because I am guilty, sir." (paragraph breaks omitted)); ***see also id.*** at 6 ("[PCRA Court]: … **This is your third [DUI] within 10 years, correct**? [Appellant]: **That is correct.**" (paragraph breaks omitted, emphasis added)). *(Footnote Continued Next Page)*

*Hoffman*, 198 A.3d 1112, 1123 (Pa. Super. 2018) ("A claim that the court improperly graded an offense for sentencing purposes implicates the legality of a sentence." (quoting *Commonwealth v. Pantalion*, 957 A.2d 1267, 1271 (Pa. Super. 2008)). His claim is therefore cognizable under the PCRA. *See Jackson*, 30 A.3d at 521 (addressing legality of sentence challenge under the PCRA framework).

To be eligible for relief under the PCRA, a petitioner must be "currently serving a sentence of imprisonment, probation or parole for the crime[.]" 42 Pa.C.S.A. § 9543(a)(1). "[T]he PCRA precludes relief for those petitioners whose sentences have expired, regardless of the collateral consequences of their sentence." *Commonwealth v. Williams*, 977 A.2d 1174, 1176 (Pa. Super. 2009) (citation omitted); *see also Commonwealth v. Ahlborn*, 699 A.2d 718, 720 (Pa. 1997) ("To grant relief at a time when appellant is **not** currently serving [] a sentence would be to ignore the language of the statute." (emphasis in original)).

Instantly, the record confirms Appellant completed his sentence nearly ten years ago. On March 5, 2014, Appellant was sentenced to serve ninety

_____

Regarding Appellant's claim that the California offense was not "substantially similar" to Pennsylvania's DUI statute, we conclude an assignment of error requiring substantive legal analysis does not comport with our Supreme Court's definition of "patent and obvious" error. *See Commonwealth v. Borrin*, 80 A.3d 1219, 1228 (Pa. 2013) ("[I]t [is] the 'obviousness' of the illegal and erroneous nature of the sentences reflected in the trial courts' orders rather than the illegality itself that triggered the courts' authority [to correct a patent error].").

days on electronic home monitoring with a concurrent term of eighteen months' probation. 1925(a) Opinion, 4/19/23, at 3 (unpaginated). On November 1, 2022, when Appellant filed his PCRA petition, he was not serving a sentence of imprisonment, probation, or parole. Accordingly, he was ineligible for PCRA relief. *See* 42 Pa.C.S.A. § 9543(a)(1)(i); ***Commonwealth v. Descardes***, 136 A.3d 493, 503 (Pa. 2016) (holding the petitioner's "PCRA petition should have been dismissed because, as he was no longer incarcerated at the time it was filed, he was ineligible for PCRA relief"). For this reason, we affirm the PCRA court's order. ***See Commonwealth v. Reese***, 31 A.3d 708, 727 (Pa. Super. 2011) (*en banc*) (stating an appellate court may affirm on any basis, as long as the ultimate decision is correct).

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 02/12/2024